CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
July 28, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JULLIAN A. HUFFMAN,** | ) | |
| Plaintiff, | ) ) ) | Case No. 7:24CV00670 |
| v. | ) ) | **OPINION** |
| **HSA KAYLA HELTON, ET AL.,** | ) ) | JUDGE JAMES P. JONES |
| Defendants. | ) ) ) | |

*Jullian A. Huffman, Pro Se Plaintiff.*

Plaintiff, Jullian A. Huffman, proceeding pro se, has filed a civil rights Complaint, pursuant to 42 U.S.C. §1983, alleging that "NP Crystal Large and the Southwest Virginia Regional Jail Authority" (SWVRJA) refused to prescribe Suboxone for treatment of his opioid addition. Huffman states that he has "asked multiple times to be treated with Suboxone," but was denied because he "didn't have an active prescription." Compl. 2, ECF No. 1. After review of the record, I find that Huffman's Complaint must be summarily dismissed for failure to state a claim actionable under § 1983.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A viable complaint must allege "enough facts to state a claim to relief that is *plausible* on its

face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citation omitted). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

I also conclude that Huffman fails to state any actionable § 1983 claim against Large or any other defendant he has named. Only "deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). To prove deliberate indifference, Huffman must show that the defendant prison official had "actual . . . knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id*. Mere negligence, errors in judgment, inadvertent oversights, or disagreements between doctor and patient about the prisoner's treatment plan do not support a finding that a defendant acted with deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) ("Questions of medical judgment are not subject to judicial review.").

At the most, Huffman alleges that Large refused to provide him with Suboxone, the treatment he preferred to assist him with his opioid addition. Such

disagreements between a patient and a medical provider, even if they rise to the level of medical malpractice, are not violations of the plaintiff's constitutional rights so as to be actionable under § 1983. *Estelle*, 429 U.S. at 105–06. Moreover, as to other defendants named in the Complaint, Huffman does not state facts concerning their personal involvement in any violation of his rights, as required to state an actionable claim against them. *King ex rel. King v. Riley*, 76 F.4th 259, 269 (4th Cir. 2023) (to state § 1983 claim, plaintiff must show that "each government-official defendant, through the official's own individual actions, has violated the Constitution" (citation omitted)). Based on the reasons discussed, I will summarily dismiss Huffman's civil action without prejudice.

An appropriate Final Order will issue herewith.

ENTER: July 28, 2025

/s/ JAMES P. JONES
Senior United States District Judge